UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUSTIN D. FOX,

    Petitioner,

v.

DAVID ORTIZ,

    Respondent.

Civ. No. 18-13887 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner Justin D. Fox ("Petitioner"), an inmate incarcerated at FCI Fort Dix, filed an *unsigned*[1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, purporting to challenge aspects of his incarceration. The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[2] For the following reasons, the Court will deny the Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

### I.     BACKGROUND

The Court will construe the allegations in the Petition as true for the purpose of this Opinion. This case arises from the conditions of Petitioner's incarceration at FCI Fort-Dix. Petitioner states that throughout his incarceration, until August of 2016, he had access to the

---

[1] For the sake of judicial efficiency and because Petitioner's claims do not sound in habeas, the Court will deny the Petition on the merits, rather than terminate the matter and order Petitioner to resubmit the Petition with an appropriate signature.

[2] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, a court must dismiss the petition and direct the Clerk of Court to notify the petitioner.

prison's Trust Fund Limited Inmate Computer System ("TRULINCS"). TRULINCS provides prisoners with, among other things, some e-mail capabilities.

On August 26, 2016, officials notified Petitioner that they were going to revoke his e-mail privileges. Petitioner states that throughout his incarceration he never did anything to merit the revocation. (ECF No. 1-2, at 11). Petitioner then filed a number of administrative appeals but received a denial at each stage. The denials reveal that officials revoked his e-mail privileges because his conviction and the surrounding circumstances thereof, involved the use of electronic messaging to accomplish sexual encounters with at least one minor. (ECF No. 1-2, at 13). It is unclear from the record if Petitioner's initial access to the e-mail system was an oversight, or whether the revocation sought to remedy that oversight.

On September 11, 2018, Petitioner filed the instant Petition, requesting that the Court reinstate his TRULINCS e-mail system privileges.

## II.   DISCUSSION

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal

citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner, however, does not attack the duration of his incarceration nor does he seek release from prison.

Instead, Petitioner challenges Respondent's decision to revoke his access to the TRULINC e-mail system, *i.e.*, a condition of his confinement. Petitioner contends that the revocation was arbitrary and a denial of due process. (ECF No. 1, at 6). He alleges that he has done nothing during his incarceration to warrant a change in access privileges. Ostensibly, because Petitioner had access to the TRULINC e-mail system for a number of years, he rejects the explanation that officials revoked his privileges because his underlying conviction involved electronically messaging at least one minor for sexual encounters.

Nevertheless, because a finding in Petitioner's favor as to his condition of confinement "would not alter his sentence or undo his conviction," he cannot proceed by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (explaining that courts should not engage in habeas corpus review of custody classification claims because they do not challenge the validity of a conviction or the length of one's confinement).

In turn, because Petitioner's condition of confinement claim is not cognizable in a habeas petition, he can only proceed by way of a civil rights or declaratory judgment action. *Leamer*, 288 F.3d at 542–43. Accordingly, the Court will deny Petitioner's § 2241 Petition without prejudice

to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

This Court will not, however, *sua sponte* recharacterize the Petition as a civil complaint, as there are meaningful differences between the filing of a habeas petition and a civil complaint. The filing fee for a habeas petition is $5.00, and inmates who receive *in forma pauperis* status do not have to pay the filing fee. *Dixon v. Zickefoose*, No. 12-2320, 2012 WL 4845661, at *2 n.1 (D.N.J. Oct. 10, 2012) (citing *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996)). In contrast, the filing fee for a civil complaint is $400.00, but inmates who proceed *in forma pauperis* are required to pay a $350.00 filing fee from their inmate accounts in automatically deducted monthly installments. *Id.* (citing 28 U.S.C. § 1915(b)). Additionally,

> if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.

*Id.* (citing 28 U.S.C. § 1915(g)). In light of these differences, the "Court will not *sua sponte* re-characterize this pleading as a civil complaint." *E.g. id.*; *Bourahima Quattara v. U.S. Citizenship & Immigration Servs.,* No. 12-0263, 2012 WL 395726, at *1 (D.N.J. Feb. 2, 2012); *see also Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (affirming District Court's determination not to re-characterize a § 2241 petition as civil complaint).

Here, Petitioner has only paid the $5.00 filing fee for a habeas petition. If Petitioner wishes to bring his claims as a civil complaint, he may file a complaint in a new docket number and either prepay the $400.00 filing fee or apply to proceed *in forma pauperis*.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the § 2241 Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in the appropriate court. An appropriate order follows.

Dated: February  8th , 2019                     s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge